UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ANDY PULIDO,<br><br>Defendant.<br>_____/ | No. C 12-04525 LB<br><br>**ORDER (1) REMANDING THE CASE TO ALAMEDA COUNTY SUPERIOR COURT AND (2) SANCTIONING DEFENDANT IN THE AMOUNT OF $500**<br><br>[Re: ECF No. 1] |

## I. BACKGROUND

Plaintiff Federal Home Loan Mortgage Corporation ("FHLM") brought an action for unlawful detainer against Defendant Andy Pulido in Alameda County Superior Court on July 8, 2011. *See Federal Home Loan Mortgage Corp. v. Pulido*, No. HG-11-584489 (Alameda County Sup. Ct.). On January 18, 2012, Mr. Pulido, who is proceeding *pro se*, removed the case from state court, alleging federal question jurisdiction. *Federal Home Loan Mortgage Corp. v. Pulido*, No. C12-00277 LB ("*Pulido I*"), Notice of Removal (First), ECF No. 1.[1] The court remanded the action back to state court because federal jurisdiction was lacking. *Pulido I*, 02/17/2012 Order, ECF No. 10.

On March 14, 2012, Mr. Pulido removed the action for a second time. *Federal Home Loan*

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

*Mortgage Corp. v. Pulido*, No. C12-01264 LB ("*Pulido II*"), Notice of Removal (Second), ECF No. 1.[2] His second notice of removal was virtually identical to his first one and asserted the same grounds for removal. *Compare Pulido I*, Notice of Removal (First), ECF No. 1 *with Pulido II*, Notice of Removal (Second), ECF No. 1. The court again remanded the action back to state court because federal jurisdiction was lacking, and the court warned Mr. Pulido that if he removed the case on the same grounds again, he risked being sanctioned under Federal Rule of Civil Procedure 11. *Pulido II*, 4/10/2012 Order, ECF No. 14.

Mr. Pulido removed the action for a third time on May 1, 2012. *Federal Home Loan Mortgage Corp. v. Pulido*, No. C12-02165 LB ("*Pulido III*") Notice of Removal (Third), ECF No. 1.[3] Although it contained some new, additional text, his third notice of removal asserted the same grounds for removal as did his previous two notices of removal. *See generally id*. Accordingly, the court once again remanded the action to state court and reminded him that he could be sanctioned. *Pulido III*, 6/25/2012 Order, ECF No. 13.

On July 5, 2012, Mr. Pulido removed the action again.[4] *Federal Home Loan Mortgage Corp. v. Pulido*, No. C12-03489 LB ("*Pulido IV*"), Notice of Removal (Fourth), ECF No. 1. The majority of his fourth notice of removal contained text that he already included in his prior notices of removal, *see Pulido IV*, Notice of Removal (Fourth), ECF No. 1 at 3-7, and the text that was new argued that the $75,000 threshold for diversity jurisdiction was met, *see id*. at 2-3. And as he did in *Pulido I*, *II*, and *III*, Mr. Pulido also filed an application to proceed *in forma pauperis*. *Pulido IV*, IFP Application, ECF No. 4. The court granted Mr. Pulido's IFP application and again remanded the action to state court. *Pulido IV*, 7/24/2012 Order, ECF No. 6. In its order, the court pointed out that it had already explained on several occasions that the court lacked either federal-question or

---

[2] Initially, *Pulido II* was assigned to Magistrate Judge Ryu, but it was subsequently related to *Pulido I* and reassigned to this court. *Pulido I*, 4/2/2012 Order Relating Case, ECF No. 13.

[3] Initially, *Pulido III* was assigned to Magistrate Judge Laporte, but it was subsequently related to *Pulido I* and *Pulido II* and reassigned to this court. *Pulido I*, 5/17/2012 Order Relating Case, ECF No. 16.

[4] Initially, *Pulido IV* was assigned to Magistrate Judge Spero, but it was subsequently related to the other *Pulido* actions and reassigned to this court. *Pulido I*, 7/23/2012 Order, ECF No. 18.

1  diversity jurisdiction. *Id*. at 4-5 (citing *Pulido I*, 02/17/2012 Order, ECF No. 10; *Pulido II*, 4/10/2012 Order, ECF No. 14; and *Pulido III*, 6/25/2012 Order, ECF No. 13). Furthermore, because the court had warned Mr. Pulido in both its 4/10/2012 Order and its 6/25/2012 Order that he faced the possibility of being sanctioned under Rule 11, in an amount to be set by the court, if he removed this action based on the same grounds that he asserted before, *id*. at 5-6 (citing *Pulido II*, 4/10/2012 Order, ECF No. 14 at 2; *Pulido III*, 6/25/2012 Order, ECF No. 13 at 5), and because he did exactly that, the court sanctioned him in the amount of $100.00, *id*. (citing *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) and *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001)).

Mr. Pulido removed the action for a fifth time on August 29, 2012.[5] Notice of Removal, ECF No. 1. FHLM again moves to remand the action to state court. Motion to Remand, ECF No. 10.

## II. LEGAL STANDARD

A defendant in a state court may remove an action to federal court so long as the action could have originally asserted federal-question jurisdiction.[6] 28 U.S.C. 1441(b). The burden is on the removing defendant to prove the basis for the federal court's jurisdiction. *Shizuko Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). Removal jurisdiction statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). An actual or anticipated federal defense is not sufficient to confer jurisdiction.

---

[5] Initially, *Pulido V* was assigned to Magistrate Judge James, but it was subsequently related to the other *Pulido* cases and reassigned to this court. *Pulido I*, 9/14/2012 Order Relating Case, ECF No. 21.

[6] District courts have original jurisdiction over cases that arise under the law of the United States. U.S. Const. art. III, § 2, cl.1.

C 12-04525 LB
ORDER REMANDING CASE
3

*Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009). However, a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Franchise Tax Bd. of California*, 463 U.S. 1 at 22.

"[A] party is not entitled, under existing laws, to file a second [notice of removal] upon the same grounds, where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit, because of his failure to [comply with the procedural requirements for removal]." *St. Paul & C. Ry. Co. v. McLean,* (1883) 108 U.S. 212, 217 (brackets added). The ban on successive removals, however, does not apply in circumstances where the moving party advances a different theory of removal based on newly discovered facts or a change in relevant law. *Kirkbride v. Continental Cas. Co.*, 933 F.2d 729 (9th Cir. 1991) (holding that a defendant who fails in an attempt to remove on the initial pleadings may file a removal petition when subsequent pleadings or events reveal a new and different ground for removal). But absent new and different grounds for removal based on newly discovered facts or law, a defendant who improperly removes a case after a federal court previously remanded it risks being sanctioned under Federal Rule of Civil Procedure 11. *See Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 783 (7th Cir. 1999) ("Multiple removals could encounter problems – could even lead to sanctions – if nothing of significance changes between the first and second tries.") (internal citation omitted).

### III. DISCUSSION

Mr. Pulido's fifth notice of removal once again is deficient. He contends that federal question jurisdiction exists under 28 U.S.C. § 1443(1) because he asserts that he unlawful detainer action constitutes a denial of his due process rights.[7] Mr. Pulido made this argument before, and the court

---

[7] As the court explained in its first remand order, *see Pulido I*, 02/17/2012 Order, ECF No. 10, this statute allows the removal of any civil action that is commenced in state court against "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof," 28 U.S.C. § 1443(1). According to the United States Supreme Court, "a removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights . . . . Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of (the) State."

rejected it. *See Pulido I*, 02/17/2012 Order, ECF No. 10; *Pulido II*, 4/10/2012 Order, ECF No. 14; *Pulido III*, 6/25/2012 Order, ECF No. 13; *Pulido IV*, 7/24/2012 Order, ECF No. 6. He also contends that diversity jurisdiction exists because he insists that the amount in controversy exceeds $75,000. The court disagrees, but even if he were correct, it would not matter because, even assuming the threshold amount for diversity jurisdiction were satisfied, removal was not proper because FHLM filed suit in California, and Mr. Pulido is a citizen of California. 28 U.S.C. § 1441(b) prohibits removal where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action. The court has explained this to Mr. Pulido on multiple occasions. *See Pulido I*, 02/17/2012 Order, ECF No. 10; *Pulido II*, 4/10/2012 Order, ECF No. 14; *Pulido III*, 6/25/2012 Order, ECF No. 13; *Pulido IV*, 7/24/2012 Order, ECF No. 6. Neither federal question nor diversity jurisdiction exists.

## IV. CONCLUSION

In short, Mr. Pulido has removed this action for a fifth time and on the same grounds that he asserted, and that the court explicitly and repeatedly rejected, in his previous notices of removal. Accordingly, the court **REMANDS** the case to Alameda County Superior Court.[8]

Further, the court warned Mr. Pulido in both its 4/10/2012 Order and its 6/25/2012 Order that he faced the possibility of being sanctioned under Rule 11, in an amount to be set by the court, if he removed this action based on the same grounds that he asserted before. *Pulido II*, 4/10/2012 Order, ECF No. 14 at 2; *Pulido III*, 6/25/2012 Order, ECF No. 13 at 5. And when he did exactly that, the court actually sanctioned him in the amount of $100. *Pulido IV*, 7/24/2012 Order, ECF No. 6. Now, Mr. Pulido has done it again. For that reason, the court again finds that sanctions should be imposed under its inherent powers.[9] Mr. Pulido is sanctioned in the amount of $500.00. He shall pay this

---

*Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (internal quotations and citations omitted).

[8] Mr. Pulido and FHLM have consented to the undersigned's jurisdiction. *Pulido V*, Consent (Plaintiff), ECF No. 3; *Pulido V*, Consent (Defendant), ECF No. 6. Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and **VACATES** the November 1, 2012 hearing.

[9] The Ninth Circuit has concluded that sanctions are available under the court's inherent power if "preceded by a finding of bad faith, or conduct tantamount to bad faith," such as

C 12-04525 LB
ORDER REMANDING CASE
5

1  amount to the Clerk of the Court no later than November 30, 2012.

2  In addition, FHLM asks the court to declare Mr. Pulido a vexatious litigant and enter a pre-filing
3  order that would require him to seek leave of court before filing further notices of removal of the
4  unlawful detainer action at issue.  This is a fair request given the history of this case, but the court is
5  not satisfied that Mr. Pulido has been given adequate notice of this relief yet.[10]  Thus, the court
6  warns Mr. Pulido that if he removes the action on the same grounds again, not only will be
7  sanctioned again, he also may be declared a vexatious litigant by the court.  This process would
8  require Mr. Pulido to to seek leave of court before filing further notices of removal.

9  The Clerk of the Court shall close the file.

10 **IT IS SO ORDERED.**

11 Dated: October 20, 2012

12 _____
LAUREL BEELER
United States Magistrate Judge

---

recklessness "combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001); *see Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001).

[10] The Ninth Circuit has announced that in making a finding that a party is a vexatious litigant, the court must: (1) assure that the litigant be given notice and the opportunity to be heard, (2) make an adequate record listing the filings which support the order, and (3) make substantive findings that the party's filings are frivolous or harassing. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147-1148 (9th Cir. 1990)).  Finally, the resulting order must be "narrowly tailored to closely fit the specific vice encountered." *Id.* at 1148.

C 12-04525 LB
ORDER REMANDING CASE

6